## BELLOWS CLAUDE NEON CO v PEOPLES SAVINGS & LOAN CO

Ohio Appeals, 9th Dist, Summit Co

No 2748.   Decided Dec 3, 1936

H. W. Schwab, Akron, and S. J. Wozniak, Akron, for appellee.

Herberich, Felker, Rowley & Taylor, Akron, for appellant.

## OPINION

By STEVENS, J.

This action is before this court upon appeal on questions of law. Reference will be made to the parties as they appeared in the trial court.

The action below was one instituted by plaintiff against defendant to recover from defendant for an obligation incurred by Semler's Tavern, Inc., upon the theory that Semler's Tavern, Inc., was a "dummy" corporation, organized by and for the sole benefit of the defendant corporation.

The evidence discloses that the defendant corporation was the holder of certain mortgages upon the real property occupied by Semler's Tavern, Inc.; that payments upon said mortgages were in default; that through no activity of the defendant corporation, and, with no collaboration, assistance or knowledge upon the part of defendant corporation, certain individuals organized the corporation thereafter known

as Semler's Tavern, Inc., for the purpose of operating the hotel located upon the premises upon which defendant had its mortgages. Semler's Tavern, Inc., thereafter incurred the obligations in suit through the purchase of electric sign equipment from plaintiff.

The corporation known as Semler's Tavern, Inc., had little, if any, financial responsibility, and through this action an attempt was made to hold the defendant upon the sign contracts, and the promissory notes attached thereto, executed by Semler's Tavern, Inc., to the plaintiff corporation. The defendant corporation was not a party signatory to said contracts or said promissory notes.

In the trial court a verdict was returned by the jury in favor of the plaintiff. Upon rehearing on the motion for a new trial, and upon a motion for judgment non obstante veredicto, the court sustained the motion for a new trial, but overruled the defendant's motion for judgment non obstante veredicto.

The appeal here is for the purpose of having this court render the judgment which it is claimed the trial court should have rendered in favor of the defendant upon its motion for judgment non obstante veredicto.

The action concededly is an attempt on the part of plaintiff to collect from the defendant corporation for the debt of the corporation known as Semlers Tavern, Inc. It is not even claimed that Semler's Tavern, Inc., is a subsidiary corporation of the defendant corporation, but it is alleged that said corporation is a "dummy" corporation, organized for the benefit of defendant corporation, by means of which defendant corporation now attempts to escape liability upon the claims sued upon.

To us it seems that there are numerous grounds, the existence of which preclude a recovery by plaintiff, which grounds are entirely aside from those considered in the case of North et v The Hibgee Co. et, 131 Oh St 507, hereinafter referred to. That case, however, is closely analogous to the case at bar and to us seems to be decisive of the question here presented. The syllabus of that case is as follows:

"The separate corporate entities of a parent and subsidiary corporation will not be disregarded and the parent corporation will not be held liable for the acts and obligations of its subsidiary corporation, notwithstanding the facts that the latter was controlled by the parent through its stock ownership, and that the officers and directors of the parent corporation were likewise officers and directors of the subsidiary, in the absence of proof that the subsidiary was formed for the purpose of perpetrating a fraud and that domination by the parent corporation over its subsidiary was exercised in such manner as to defraud complainant."

It will be observed that, even conceding that Semler's Tavern, Inc., could be classified as a subsidiary corporation of defendant corporation, there is no evidence in this record of control of said Semler's Tavern, Inc., by the defendant.

There is no evidence of an interlocking directorate, or that Semler's Tavern, Inc., was formed for the purpose of perpetrating a fraud upon plaintiff. Likewise, there is no evidence of domination by defendant corporation of said Semler's Tavern, Inc., exercised in such manner as to defraud plaintiff.

Further, there is no evidence that the persons who organized Semler's Tavern, Inc., did so as the agents of the defendant, or even with its knowledge.

It is our judgment that the trial court erred in failing to sustain the motion of the defendant for a judgment in its favor notwithstanding the verdict; and this court, proceeding now to do that which the trial court should have done, orders that final judgment be entered in favor of the defendant, the Peoples Savings & Loan Co., and against plaintiff, the Bellows Claude Neon Co., with exceptions to the plaintiff.

Judgment reversed and final judgment for defendant.

WASHBURN, J, concurs in judgment.
FUNK, PJ, not participating.